# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| Ector Cortez (M-16656), | ) | |
|---|---|---|
| Plaintiff, | ) | Case No. 18 C 50210 |
| v. | ) | |
| | ) | Judge Frederick J. Kapala |
| John Baldwin, et al., | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's application for leave to proceed *in forma pauperis* [3] is denied. Plaintiff must pay the full statutory filing fee of $400.00. Failure to remit the filing fee by August 27, 2018, will result in summary dismissal of this case. Plaintiff may pay by check or money order made payable to Clerk, United States District Court.

## STATEMENT

Plaintiff Ector Cortex, a prisoner incarcerated at the Dixon Correctional Center, brings this *pro se* civil rights action under 42 U.S.C. § 1983 claiming deliberate indifference to his serious medical needs.

Plaintiff's motion for leave to proceed *in forma pauperis* must be denied for lack of a sufficient showing of indigence. The trust fund statement attached to Plaintiff's application to proceed *in forma pauperis* reveals that on October 3, 2017, which is the first entry on the attached statement, Plaintiff's balance was $1,171.85. On June 8, 2018, the last day reflected on the trust fund statement, Plaintiff had a balance of $1,240.90. (Plaintiff signed his complaint five days earlier on June 3, 2018, and it was received by the Court on June 18, 2018.) Because Plaintiff is a prisoner for whom the State provides the necessities of life, such assets do not qualify him for pauper status. *See Lumbert v. Illinois Department of Corrections*, 827 F.2d 257, 260 (7th Cir. 1987); *Zaun v. Dobbin*, 628 F.2d 990, 993 (7th Cir. 1980).

Accordingly, the Court finds that Plaintiff is financially able to pay the $400.00 filing fee. Plaintiff must prepay the statutory filing fee if he wishes to proceed with this action. Plaintiff may pay by check or money order made payable to Clerk, United States District Court. If Plaintiff fails to comply with this order by the date set forth above, the case will be summarily dismissed. *See Brekke v. Morrow*, 840 F.2d 4, 5 (7th Cir. 1988).

Date: July 27, 2018